**THE LAW OFFICES OF**
**REBECCA M. PLEVEL, P.C.**
125 E. Elm, #207
PO Box 878
Flagstaff, Arizona 86002
Phone (928)214-7260
Fax   (928) 214-7259

Rebecca M. Plevel  AZ Bar No.  014074
rebecca.plevel@azbar.org

Attorney for the Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SAMANTHA L. MEMBERY, | |
| Plaintiff, | Case No.: 3-13-cv-08095-DGC |
| vs. | **PROPOSED CASE MANAGEMENT PLAN** |
| JAVELINA CANTINA SEDONA, and HALE' AINA MEKIKO, LLC. dba , JAVELINA CANTINA SEDONA , | |
| Defendants. | |

In accord with Fed. R. Civ. P. 26(f), and this Court's order dated June 14, 2013, the undersigned participated in a conference to discuss matters relating to jurisdiction, venue, and joinder, the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, the scope of discovery, a schedule of pretrial proceedings, modification of pretrial procedures, prospects for settlement, arrangements for disclosures, possibility of consent to trial by Magistrate

Judge, and other matters that may help dispose of this matter in an efficient and economical manner, and now submit this joint report of their conference.

This proposed Case Management Plan was prepared by counsel for the parties, Rebecca Plevel on behalf of the Plaintiff and Darrel Jackson on behalf of the defendants, who consulted pursuant to Rule 26(f) in order to prepare this plan.

**Parties**

Plaintiff is Samantha Membery.

Defendants are the Hale' Aina Mekiko, LLC. doing business as, Javelina Cantina Sedona, which is located in Sedona, Arizona. Members of the Hale' Aina Mekiko, LLC are: Timothy L. Shugrue, Louis G. Lagas, Steven John Shugrue, Mark Steven Shugrue, and The Timothy L. Shugrue Family Trust.

**Nature Of The Case.**

**Plaintiff:** This is an employment case. The plaintiff was employed by defendant Javelina Cantina Sedona; Hale' Aina Mekiko, LLC. dba , Javelina Cantina Sedona as a bartender beginning in March 2010, and for short time as the Bar Manager. Ms. Membery asserts that she was sexually harassed by the bar manager in May 2010, which complaint was never acted upon by the employer. In May, 2011 when Ms. Membery informed her employer that she was pregnant, she was terminated and then rehired after complaining that she believed it was pregnancy discrimination. In February, 2012 Ms. Membery was offered and accepted the Bar Manager position, but that promotion was rescinded days later with the explanation that her employer did not believe she could handle the position with young children. In April 2012 Ms. Membery

filed a complaint with the EEOC alleging sex and pregnancy discrimination.  That complaint was dismissed by the EEOC with no findings and Ms. Membery did not pursue any further legal action.  After filing the EEOC complaint, Ms. Membery was verbally harassed and threatened by her employer regarding her EEOC complaint.  In May, 2012 Ms. Membery was diagnosed with depression and treated with medication; the diagnosis included post-partum depression as well as other precipitators.  Ms. Membery informed her employer of the treatment she was receiving and requested accommodation as she adjusted to the medication.  On June 2, 2012 Ms. Membery was terminated, the General Manager stating "Arizona is a right to work state and your behavior has been different because of your medication. Once you are off your medication, I wouldn't be opposed to rehiring you."  Ms. Membery filed a second EEOC complaint alleging discrimination based upon sex and disability and retaliation.  The second EEOC complaint was eventually dismissed with no findings, and this lawsuit was brought for the employer's actions in violation of the Arizona Civil Rights Act, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act, as amended.

**Defendant**:  Defendant terminated Plaintiff for repeated and legitimate performance failures, including drinking alcohol at work and reporting for work while intoxicated.  Defendant's decision to terminate Plaintiff was wholly unrelated to any disability or to the fact that Plaintiff had filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission.

**Jurisdictional Basis Of The Case.**

This Court has federal question jurisdiction over this case under 28 U.S.C. § 1331, in that the case arises under the laws of the United States, the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*, and the Americans with Disabilities Act as amended, 42 U.S.C. § 12101 *et seq*.

**Parties That Have Not Been Served.**

Not applicable.

**Parties Not Subject To The Court's Jurisdiction.**

All parties are subject to the Court's jurisdiction.

**Anticipated Additional Parties or Amended Pleadings**

Plaintiff does not anticipate naming additional parties or amending her complaint. Defendant anticipates amending its answer to include a "same decision" affirmative defense.

**Expedited Trial Election**

The parties have discussed, and decline to proceed with an expedited trial. Counsel for the parties avow that they have fully discussed this option with their clients.

**Issues To Be Decided By Motions.**

Defendant anticipates filing a summary judgment motion regarding all four of Plaintiff's claims.

**Reference To Magistrate Judge For Settlement Conference.**

The parties do believe that this case is suitable for reference to a Magistrate Judge for a settlement conference at this time.

**Identity And Status Of Related Cases.**

The parties are not aware of any related cases pending before other judges of this Court or before other courts.

**Electronically Stored Information**

The parties have discussed their duties to preserve electronically stored information ("ESI") and their duties to either produce responsive information through discovery or disclosure. The parties plan to produce responsive electronically stored information in paper form where such paper form accurately represents the entirety of the ESI, and in an electronic format where necessary to accurately reveal and depict the ESI.

The Plaintiff will be requesting that electronically stored information, including documents, emails, writings, data, metadata, data compilations, voice-mails, instant messages, and/or tangible items be produced, from whatever source or location they may be stored, including computers, hard drives, servers, tablets, cell phones (including both smart phones and others), thumb drives, other handheld devises, backup tapes and/or optical disks or other storage media. Such requests may include information regarding pay records, human resources and/or personnel policies and procedures, personnel decisions, communications between employees of the defendant and/or members of the LLC regarding the plaintiff from May 2010 until the present, except for actual privileged communications.

///

///

///

**Privilege and Work Product / Fed R. Evid 502(d)**

At this point in time, the parties are not aware of any issues related to claims of attorney-client privilege or work product. The parties do not believe that a Rule 502(d) Order is necessary.

**Expected Discovery**

The parties anticipate that all discovery, including depositions, may be completed in Arizona. Plaintiff expects to serve Interrogatories and Requests for Admissions, as well as schedule depositions pursuant to the Federal Rules of Civil Procedure. At this time, Defendant intends to seek written discovery from Plaintiff regarding all of her claims, and to take Plaintiff's deposition.

The parties have no suggested changes to discovery limitations.

The parties request a limit of seven hours per deposition.

**Initial Disclosures.**

The parties will make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before July 24, 2013.

**Proposed Deadlines.**

(a) Deadline for completion of fact discovery:  February 14, 2014

(b) Dates for full and complete expert disclosures under Federal Rule Civil Procedure 26(a)(2)(A)-(C):  The parties do not anticipate using expert witnesses.

(c) Deadline for completion of all expert depositions:  The parties do not anticipate using expert witnesses.

(d) Deadline for face-to-face good faith settlement talks: The parties have requested the Court's assistance by referring this matter to a U.S. Magistrate Judge for a settlement conference. The parties propose that this deadline correspond with the date of the settlement conference.

(e) Deadline for filing dispositive motions: March 28, 2014

**Jury Trial.**

Ms. Membery's Complaint, which Complaint was served on the defendants, includes a request for a jury trial, which is sufficient pursuant to Fed. R. Civ. P. 38(b).

Defendant denies that Plaintiff is entitled to a jury trial on Counts I and III. *See Burris v. City of Phoenix*, 179 Ariz. 35, 43-44 (Ct. App. 1993). Defendant admits that Plaintiff has properly demanded a jury trial on Counts II and IV.

**Other Matters.**

None.

RESPECTFULLY SUBMITTED this _ day of July, 2013.

                THE LAW OFFICES OF REBECCA M. PLEVEL, P.C.

                By: /s/ *Rebecca M. Plevel*
                    Rebecca M. Plevel
                    Attorneys for plaintiff

                MATHESON & MATHESON, P.L.C.

                By: /s/ *Darrel Jackson*
                    Darrel Jackson, Of Counsel
                    Attorneys for defendants

**CERTIFICATE OF SERVICE**

    I hereby certify that on  7/11/2013   I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all parties and will mail all notifications of such filing to all non-CM/ECF system participants.

                                        /s/ Rebecca M. Plevel