**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samantha Membery,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Hale'Aina Mekiko, LLC, et al.,<br><br>　　　　　Defendant. | No. CV-13-08095-PCT-DGC<br><br>**ORDER** |

　　　　Plaintiff Samantha Membery has filed a motion to amend her complaint. Doc. 37. Plaintiff and Defendant Hale'Aina Mekiko, LLC have also filed a joint motion for a ruling regarding the application of the damages caps set forth in 42 U.S.C. § 1981a(b)(3). Doc. 40. The motions are fully briefed and no party has requested oral argument. For the reasons that follow, the Court will grant Plaintiff's motion to amend and rule for Defendant on the damages cap.

**I.     Background.**

　　　　Plaintiff brought this action against her former employer, Javelina Cantina Sedona. She alleges that she was denied a promotion on February 12, 2012 because she is female and has two young children. Doc. 40 at 3. She also claims that she was retaliated against for filing an EEOC complaint in April 2012, that she was discriminated against because of a diagnosed mental health condition in violation of the Americans with Disabilities Act ("ADA"), and that she was terminated in June 2012 so that the manager could rehire a former employee who had sexually harassed her. *Id.* at 4-5. Plaintiff filed a second EEOC claim on June 4, 2012. *Id.* at 5. Plaintiff's first amended complaint asserts two

1  claims for violation of the Arizona Civil Rights Act, a Title VII retaliation claim, and an
2  ADA claim. Doc. 18, ¶¶ 33-54.

3  **II.     Leave to Amend.**

4  "[L]eave to amend 'should be granted unless amendment would cause prejudice to
5  the opposing party, is sought in bad faith, is futile, or creates undue delay.'" *Madeja v.*
6  *Olympic Packers, LLC*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation*
7  *v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)). Plaintiff requests leave
8  to amend her complaint to add a new Title VII sex discrimination claim, remove the two
9  state law claims, and fix typographical errors. Docs. 37, 37-1. Defendant consents to all
10 amendments except the Title VII sex discrimination claim. Doc. 38 at 2. Defendant
11 argues that Plaintiff did not include the February 12, 2012 incident in either of the two
12 charges she filed with the EEOC, and that even if she did include this incident in her first
13 charge, her claim is now time-barred because she failed to bring it within 90 days of her
14 receipt of a Notice of Rights. *Id.* at 3-4. Plaintiff responds that sex discrimination is
15 clearly included in her second EEOC charge (Doc. 39-2 at 4) and that "[i]t is well
16 established in federal case law that an EEOC charging document must be liberally
17 construed by the courts." Doc. 39 at 10. The Court concludes that further factual
18 development is needed before the Court can determine whether Plaintiff's claim was
19 properly asserted before the EEOC and is timely. The Court will therefore grant the
20 motion to amend. Defendant may raise its objections at the summary judgment stage.

21 **III.    Damages Cap.**

22 The parties request a ruling on application of the damages cap set forth in 42
23 U.S.C. § 1981a(b)(3), which states that the amount of compensatory and punitive
24 damages "awarded under this section, shall not exceed, for each complaining party – in
25 the case of a respondent who has more than 14 and fewer than 101 employees in each of
26 20 or more calendar weeks in the current or preceding calendar year, $50,000[.]"
27 Plaintiff argues that she is "entitled to the damages cap maximum" for her ADA claim
28 and "to a second damages cap maximum for her two Title VII claims," meaning she

would be able to recover up to $100,000 in compensatory and punitive damages. Defendant contends that "a single damages cap applies to all three of Plaintiff's claims under both Title VII and the ADA," and that Plaintiff's recoverable damages would therefore be limited to $50,000.

The plain language of the statute states that the amount of damages for *each complaining party* shall not exceed $50,000.  42 U.S.C. § 1981a(b)(3).  Had Congress intended a separate cap to apply to each claim or each kind of claim, it easily could have said so.  It did not.  In *Hudson v. Chertoff*, 473 F. Supp. 2d. 1286 (S.D. Fla. 2007), the court considered the applicability of the damages cap to the plaintiff's Title VII and disability claims.  The court rejected the plaintiff's argument that he was entitled to the statutory maximum for each of his claims, reasoning that "[a]lthough the plaintiff has two federal claims, both are subject to the statutory cap as he is the sole 'complaining party' in this action." *Id.* at 1291.  The Court likewise concludes that all of Plaintiff's federal claims are subject to a single $50,000 statutory cap because she is the sole complaining party.  *See* 42 U.S.C. § 1981a *et seq.*; *see also Black v. Pan Am. Labs. LLC*, 646 F.3d 254, 264 (5th Cir. 2011) ( "the plain language of § 1981a(b)'s cap applies to each party in an action); *Hudson v. Reno*, 130 F.3d 1193, 1200 (6th Cir. 1997), *abrogated on other grounds by Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 845 (2001).

Plaintiff claims that *Franz v. Kernan*, 951 F. Supp. 159 (E.D. Mo. 1996), supports the application of two caps.  The Court does not agree.  In *Franz*, the plaintiff recovered damages for a violation of the Age Discrimination in Employment Act ("ADEA") in addition to the statutory cap for an ADA claim.  *Id.* at 163.  The claims under the ADEA, however, are not subject to § 1981a(b)'s damages cap.  *See* 42 U.S.C. § 1981a(a)(1)-(3) (setting forth types of actions subject to § 1981a(b)).  *Franz* is therefore inapposite.

**IT IS ORDERED:**

1. Plaintiff's motion for leave to amend her complaint (Doc. 37) is **granted**.  Plaintiff promptly shall file her amended complaint on or before January 22, 2014.

2. A single damages cap, as set forth in 42 U.S.C. § 1981a(b), applies to all of

Plaintiff's claims under Title VII and the ADA. Plaintiff may recover a maximum of $50,000 in compensatory and punitive damages.

Dated this 16th day of January, 2014.

David G. Campbell
United States District Judge