THE LAW OFFICES OF
REBECCA M. PLEVEL, P.C.
125 E. Elm, #207
PO Box 878
Flagstaff, Arizona  86002
Phone (928)214-7260
Fax     (928) 214-7259

Rebecca M. Plevel  AZ Bar No.  014074
rebecca.plevel@azbar.org

Attorney for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SAMANTHA L. MEMBERY,<br><br>         Plaintiff,<br><br>   vs.<br><br>JAVELINA CANTINA SEDONA, and HALE' AINA MEKIKO, LLC. dba , JAVELINA CANTINA SEDONA ,<br><br>         Defendants. | Case No.: 3-13-cv-08095-DGC<br><br>**SECOND AMENDED COMPLAINT**<br>(Retaliation)<br>(Discrimination) |

Plaintiff, by and through undersigned counsel, hereby alleges as follows for her complaint against Defendants:

**PARTIES AND JURISDICTION**

1.     Plaintiff Samantha L. Membery ("Plaintiff") is a white female, who was born in 1986, is a resident of Yavapai County, and who at all times relevant hereto, was employed by Defendant Javelina Cantina.

- 1

2. Defendants Javelina Cantina Sedona, and Hale' Aina Mekiko LLC, doing business as Javelina Cantina Sedona , (hereinafter collectively and individually "Defendant" or "Defendants") located at 671 HWY 179 #BD, Sedona, Arizona, at all time relevant to this Complaint, were the employers of the Plaintiff and conducted business in Yavapai County.

3. The actions complained of herein occurred in the City of Sedona, Yavapai County, District of Arizona.

4. Subject Matter Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

5. Defendants are subject to the Personal Jurisdiction of this Court because they conducted business in Yavapai County, Arizona.

6. Pursuant to 28 U.S.C. §1391, venue is proper in this Court.

**GENERAL ALLEGATIONS**

7. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

8. Plaintiff was an employee within the meaning set forth in 42 U.S.C. §2000e(f).

9. Defendants have been engaged in an industry affecting commerce, specifically operating as a restaurant and bar and at all times relevant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Defendants are an employer pursuant to 42 U.S.C. §2000e(e).

10. Plaintiff was hired as a bartender for Defendant in March, 2010, by Javelina Cantina Bar Manager John Moloney ("Moloney").

11. Plaintiff was sexually harassed by Moloney while at work in May, 2010, when he followed the Plaintiff into the bar's beer cooler and touched her private parts when she was bent over, and tried to kiss her. He also had flowers for her afterwards.

12. Plaintiff informed general manager Jessica Lux-Herrara ("Lux-Herrara") and bartender J.C. Jeanicke ("Jeanicke") of the incident on the following day. Upon information and belief, no action was taken by the Defendants regarding the Plaintiff's complaint of sexual harassment.

13. Upon information and belief, Moloney was terminated from his position as bar manager in May of 2010, reportedly for theft.

14. Plaintiff notified Defendant that she was five months pregnant in May, 2011.

15. On May 15, 2011, Plaintiff was accused of giving away a free drink from the bar, and terminated from her position as bartender by Bar Manager Jeanicke. This occurred just days after she informed her employer that she was pregnant. On May 16, 2011, the Plaintiff provided the receipt demonstrating the drink in question had, in fact, been properly paid for. In meeting with the Defendants' agent Mark Shugrue, the Plaintiff informed him that it appeared she was fired because she was pregnant. Mark Shugrue told her she was rehired.

16. Upon information and belief, Moloney attempted to resume employment with Defendant on or about July 16, 2011. Plaintiff reminded Defendants' agent Mark Shugrue about the sexual harassment incident and that she was "extremely uncomfortable" working with Moloney. Plaintiff was in tears when she asked Mark Shugrue not to rehire Moloney. Mark Shugrue reportedly replied, "you have no say in the matter, I am looking out for the best interest of my restaurant." The Plaintiff believes that at some point that same day, Mark Shugrue related what had transpired to Moloney.

Moloney came to the Javelina Cantina and confronted Plaintiff while she was working; Moloney verbally harassed her, confronted her and intimidated her. Plaintiff was extremely upset by this encounter and hid in an office with the manager on duty, Donna Pomo, in tears until Moloney left the property.   Plaintiff then called another owner of the restaurant, Louis Lagas, and informed him of all that had transpired that day.  Louis Lagas was apologetic and promised Plaintiff that Moloney would not be re-hired by Javelina Cantina.

17.     Upon information and belief, Moloney attempted to regain his employment again at Javelina Cantina on September 28, 2011.   Moloney reportedly claimed that Plaintiff was lying about the incident of sexual harassment and asked that the three of them (Plaintiff, Moloney and Mark Shugrue) meet to resolve the matter.  Plaintiff declined to participate in the meeting.   Mark Shugrue informed Plaintiff that Moloney would be rehired by Javelina Cantina.

18.     On September 29, 2011, Plaintiff filed for an Injunction Against Harassment against John Moloney, Case No. J-1302-CV-201106323, in the Verde Valley Justice Court. (Exhibit A)[1]  The Injunction Against Harassment was granted on October 11, 2011 after a hearing at which Moloney had an opportunity to be heard. (Exhibit B) Moloney appealed the issuance of the Injunction, which was upheld by the Yavapai Superior Court. (Exhibit C)

19.     Plaintiff gave birth to a daughter on October 17, 2011.

20.     On February 20, 2012 Plaintiff was offered and accepted the position of Bar Manager for Javelina Cantina by the new general manager, Lauren Adams ("GM Adams").

---

[1] All exhibits referenced herein have previously been filed with the court attached to DOC 1 and are not attached again pursuant to LRCiv 7.1(d), but are incorporated herein by reference.

- 4 -

21. On February 22, 2012, the Bar Manager position was rescinded and the Plaintiff was advised this was due to her having two young children and GM Adams thought Plaintiff would not be able to handle the responsibility. The Plaintiff had advised both GM Adams and Mark Shugrue that she could perform the job duties.

22. On February 23, 2012 the Bar Manager position was granted to Gabriel Sanchez, a server hired in October, 2011, who, based upon information and belief, had no management experience. Upon information and belief, Gabriel Sanchez was fired for theft on March 16, 2012.

23. Upon information and belief, in April, 2012 a different male server, Craig, was promoted to the position of Bar Manager over Plaintiff by GM Adams.

24. Plaintiff filed an EEOC complaint on April 7, 2012. The complaint included allegations of discrimination based upon the Plaintiff being a female and being pregnant. EEOC Charge Number: 540-2012-01667

25. On April 14, 2012, GM Adams and defendant Mark Shugrue cornered Plaintiff in the Javelina Cantina office. GM Adams and Mark Shugrue accused Plaintiff of being "a very unhappy person" and demanded that Plaintiff sign a document stating she had made up the events that led up to the EEOC claim. Plaintiff declined to sign the documents. Plaintiff believed however if she did not sign the documents disavowing the actions that led up to her EEOC claim, her employment would be terminated by Javalina Cantina.

26. On April 17, 2012, GM Adams asked Plaintiff into a meeting in her office and again asked that Plaintiff sign the document disavowing her version of events leading up to her EEOC claim. Plaintiff again declined, stating the document did not represent the events in a correct manner. Also present during this meeting was another employee, Sheena Curl, who observed what happened.

27. On May 7, 2012, the Plaintiff was diagnosed with depression and given a prescription for depression and anxiety medication by her physician. Plaintiff's diagnosis was based upon stress from work, complications during the birth of her child on October 17, 2011 and her sister's suicide. Plaintiff informed Mark Shugrue and GM Adams of the diagnosis and medication prescribed on May 8, 2012. The Plaintiff requested some accommodation by her employer as she adjusted to the medication.

28. The EEOC later dismissed Charge Number: 540-2012-01667 making no findings on the merits. (Exhibit D) The Plaintiff did not pursue any further legal action at that time.

29. Plaintiff was terminated from her position at Javalina Cantina on June 2, 2012, by GM Adams. GM Adams reportedly told her, "Arizona is a right to work state and your behavior has been different because of your medication. Once you are off your medication, I wouldn't be opposed to rehiring you." Plaintiff informed GM Adams that she believed this to be discrimination based upon her medication and diagnosis, and retaliation for filing an EEOC complaint. Plaintiff informed GM Adams that she would be filing a subsequent EEOC claim.

30. After the Plaintiff's termination, Moloney was rehired at Javalina Cantina as the Bar Manager.

31. On June 4, 2012, Plaintiff filed a second claim with the EEOC alleging discrimination based upon a disability, sex, and retaliation.

32. Plaintiff asserts that one of the reasons she was terminated was so that Moloney, against whom she had an enforceable Injunction Against Harassment, could be rehired by Javalina Cantina, despite her allegations against him that he had sexually harassed her. Moloney made a request to the court that he be allowed into the Javalina Cantina since Plaintiff was no longer employed there on June 5, 2012. (Exhibit E)

Plaintiff appeared for a hearing on a modification of the Injunction Against Harassment previously issued on June 22, 2012, and did inform the court that she had been terminated from her position as bartender at Javelina Cantina and therefore Moloney would not be in violation of the Injunction Against Harassment if he was rehired as Bar Manager.

33. The second EEOC claim was dismissed without any findings on the merits, and a Right to Sue Notice was issued on or about January 18, 2013, EEOC Charge Number 846-2012-00648. (Exhibit F)

34. Plaintiff requests a jury trial in this matter.

### COUNT ONE
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
### RETALIATION

35. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

36. Pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a), it is an unlawful employment practice for an employer to discriminate against any of its employees because the employee opposed any practice which is an unlawful employment practice or because an employee made a charge, testified, assisted or participated in any manner in an investigation, being conducted pursuant to the Civil Rights Act of 1964 as amended, 42 U.S.C. §§2000e, *et seq*.

37. The Plaintiff in this matter opposed the Defendants' discriminatory conduct, including sexual harassment, pregnancy discrimination and disability discrimination she suffered at her place of work. Plaintiff filed two complaints with the EEOC wherein she alleged discriminatory treatment after notifying Defendant of her

pregnancy, sexual harassment, discrimination based upon a disability (anti-depressant and anti-anxiety medication), and retaliation.

38. Because Plaintiff opposed the Defendants' discriminatory conduct and participated in an investigation of such conduct, the Defendants retaliated against Plaintiff in the matter by terminating her employment.

39. This intentional violation by the Defendants in this matter caused financial and emotional harm to Plaintiff.

**COUNT TWO**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**AS AMENDED**
**SEX DISCRIMINATION**

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41. Pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a), it is an unlawful employment practice for an employer to discriminate against any of its employees based upon sex.

42. The Plaintiff in this matter was discriminated against by the Defendants based upon her sex, female, by preferring and promoting male employees over her.

43. The Defendants discriminated against Plaintiff by promoting males over her and by terminating her employment.

44. This intentional violation by the Defendants in this matter caused financial and emotional harm to Plaintiff.

**COUNT THREE**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,**
**AS AMENDED**

45. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46. The acts committed by the Defendants and their employees, as more fully set forth hereinabove, were such that resulted in their violation of Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA")

47. Plaintiff qualifies as a person with a disability under the definitions set forth pursuant to the ADA and applicable federal case law interpreting the ADA.

48. Plaintiff has been diagnosed with major depression disorder and is currently undergoing treatment for same. Plaintiff informed Defendants of the diagnosis in May, 2012.

49. As a direct and proximate result of the Defendants' purposeful discrimination, and Defendants' desire not to provide any further reasonable accommodations to Plaintiff, Plaintiff was terminated from her employment.

50. This intentional violation by the Defendants in this matter caused financial and emotional harm to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for Judgment against Defendants as follows:

A. For compensatory damages, plus special and incidental damages in such a sum as may be proven at trial;

B. For equitable relief including back front pay, in such a sum as may be proven at trial;

C. For back pay, in such a sum as may be proven at trial;

1    D.  For punitive damages in such a sum as may be necessary to punish the
2  Defendants for their wrongful acts in such a sum as may be proven at trial;

3    E.  For costs of the suit;

4    F.  For attorney's fees, costs and disbursements; and

5    G.  For other such relief as this Court deems just and proper.


7  **RESPECTFULLY SUBMITTED**  this 21st day of January, 2014.

            THE LAW OFFICES OF REBECCA M. PLEVEL, PC


            BY:  ____/s/ Rebecca M. Plevel____
                Rebecca M. Plevel
                125 E. Elm, #207
                PO Box 878
                Flagstaff, Arizona 86002
                Telephone: 928-214-7260
                Fax:  928-214-7259
                Attorney for Plaintiff

- 10